BARFIELD, Judge.
Carlson Design and Associates, Inc. (Carlson) appeals from a trial court order dismissing its cause of action for lack of in personam jurisdiction over Anderson Athletic Club, Inc. (Anderson). We reverse.
Carlson’s complaint failed to adequately allege a factual basis for in personam jurisdiction, including failure to mention any statutory provision upon which in person-am jurisdiction could be predicated. Anderson properly attacked jurisdiction by motion to dismiss. However, in its motion Anderson specifically pled that the complaint failed to allege sufficient facts to obtain jurisdiction under section 48.-193(l)(g), Florida Statutes (1983). One would suspect at this point that Anderson was on notice of the basis upon which Carlson alleged jurisdiction. Accompanying Anderson’s motion to dismiss was an affidavit which initiated an exchange of affidavits between the parties setting forth all of the facts from which the trial court could determine whether the Florida court had in personam jurisdiction over Anderson. The specific references in the motion to dismiss, coupled with the affidavits, indicate a clear understanding by both parties that jurisdiction was predicated on Anderson’s breach of a contract in Florida by failing to perform acts required by the contract to be performed in Florida, i.e., payment for advertising services provided by Carlson.
The trial court gave no reason for its granting the motion to dismiss, and no valid reason can be determined from this record. Inasmuch as the issue of jurisdiction under section 48.193(l)(g), though not pled, was tried before the court, the complaint and affidavits in support of Carlson’s position sufficiently alleged ultimate facts upon which jurisdiction could be predicated without offending the traditional notions of fair play enunciated in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See Jones v. Jack Maxton Chevrolet Company, Inc., 484 So.2d 43 (Fla. 1st DCA 1986); Aetna Casualty Company v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986).
REVERSED.
THOMPSON and ZEHMER, JJ., concur.