522 So.2d 935 (1988)
Roy G. WOODS, Jr., California Trust, Robert L. Stillwell, Trustee, Appellant,
v.
J. Richard JORGENSEN, Appellee.
No. 87-1043.
District Court of Appeal of Florida, First District.
March 11, 1988.
Randal H. Drew and Eugene G. Peek, of Peek, Collins & Drew, Jacksonville, for appellant.
James A. Bledsoe, Jr., of Bledsoe & Schmidt, Jacksonville, for appellee.
*936 WENTWORTH, Judge.
Appellant seeks review of an order by which its motion to dismiss for lack of personal jurisdiction was denied. We find that appellee presented an adequate basis for the exercise of jurisdiction and we therefore affirm the order appealed.
Appellant is a California trust which was named as a defendant, along with a Delaware corporation and a Florida corporation, in an action which appellee filed in the circuit court for Duval County. The case was removed to federal court and thereafter remanded back to Duval County with pending motions to dismiss raising issues including a question of personal jurisdiction. Appellee's complaint alleged that he entered into an employment agreement with the Delaware corporation (75% of the outstanding stock being owned by appellant) and was assigned to perform services for the Florida corporation (all outstanding stock being owned by the Delaware corporation) in connection with appellant's real estate development business in Jacksonville, Florida. It was further asserted that neither the Delaware nor the Florida corporation has separate assets, identity, viability, or business purpose except as a conduit or extension of appellant's individual business activities, and that the corporations are totally dominated and controlled by, and serving merely as the alter egos of, appellant. Appellee sought damages for a claimed breach of the employment agreement.
Appellant submitted an affidavit intended to negate the applicability of section 48.193, Florida Statutes, as a method by which personal jurisdiction might be obtained.[1] Among various other assertions, the affidavit stated that appellee owns the remaining 25% of the outstanding stock in the Delaware corporation and it was specifically averred that appellant has not carried on a business venture within the state of Florida, does not own any real property within the state, and has not breached any contract within the state.
Appellant having challenged jurisdiction by an affidavit purporting to negate the factual predicate upon which appellee's theory of jurisdiction was based, it then became incumbent upon appellee to substantiate the jurisdictional allegations. See Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986), affirmed 511 So.2d 992 (Fla. 1987). Appellee responded by submitting affidavits stating that he had moved to Florida upon the request of appellant's sole trustee to assist in forming companies for the development of real estate, purchasing real estate for development, and supervising such development. The affidavits asserted that the defendant Delaware and Florida corporations were organized pursuant to this plan in order to pursue appellant's real estate venture in Florida. Specifying certain real estate purchases which appellant funded within the state, appellee filed copies of warranty deeds as to these properties. The affidavits characterized the Delaware and Florida corporate entities as "shell corporations without any real assets," and averred that appellant was "funding or providing financial backing for all business activities."
After a hearing at which argument was presented as to various pretrial motions, memoranda of law were submitted to the court on the jurisdictional issue. Appellant also filed a supplemental affidavit by its sole trustee admitting that it had purchased real estate in Florida but stating that such property has since been sold. The affidavit further stated that the defendant Delaware and Florida corporations have separate assets, identity, viability, and business purposes and are not mere alter egos of appellant. The memoranda and affidavit were submitted with other documents and letters from the parties' counsel suggesting that with these filings the court could decide the jurisdictional issue, *937 subject to any further argument which may be desired of counsel.[2] The court subsequently entered an order indicating that it had reviewed the pleadings, memoranda, and affidavits and heard argument of counsel, whereupon it was determined that appellee had established jurisdiction and appellant's motion to dismiss challenging jurisdiction was denied.
The record which the parties have furnished this court contains no request or other expression of any desire for an evidentiary hearing, and the court below was entitled to decide the jurisdictional issue upon the parties' pleadings, exhibits, and affidavits. See Aetna Life & Casualty Co. v. Therm-O-Disc Inc., supra; see also, O'Connell v. Loach, 203 So.2d 350 (Fla. 2d DCA 1967). These documents support the court's determination that appellee has adequately substantiated, for jurisdictional purposes, the alleged factual predicate upon which jurisdiction is based. Utilization of the corporate structure does not preclude personal jurisdiction as to the dominant shareholder where the corporate entity is merely the shareholder's alter ego and is used for a fraudulent or misleading purpose to shield improper conduct. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984); cf., Lakota Girl Scout Council Inc. v. Havey Fund-Raising Management, Inc., 519 F.2d 634 (8th Cir.1975). This rule may be applied in the present case upon appellee's averments that the defendant Delaware and Florida corporations are without any separate assets or identity, and are merely "shell corporations" totally controlled by appellant and existing only as a financial conduct for appellant's business ventures.[3]
Appellant has failed to demonstrate error as to the court's determination that appellee adequately substantiated the necessary factual allegations so as to subject appellant to the jurisdiction of the Florida court.[4] We therefore affirm the order appealed.
MILLS and BARFIELD, JJ., concur.
NOTES
[1] Appellee's complaint did not expressly cite section 48.193, Florida Statutes, but the pleadings and affidavits indicate the factual basis upon which jurisdiction is asserted and the parties litigated the applicability of the statute. The jurisdictional basis and ultimate facts were thus sufficiently before the court. See Carlson Design & Assoc. Inc. v. Anderson Athletic Club Inc., 485 So.2d 871 (Fla. 1st DCA 1986).
[2] The letters indicate that the memoranda and other documents were submitted by agreement of counsel and upon the court's request, and advise that such filings "should completely supplement the record so that you can decide these motions," although noting that another hearing could be scheduled so that the issues might be "discussed further" and in order that counsel may "answer any questions which you might have."
[3] The Delaware corporation's motion to dismiss for lack of personal jurisdiction was also denied by the lower court and this ruling was affirmed on appeal without opinion in Roy Woods Development Co. International Inc. v. Jorgensen, 520 So.2d 589 (Fla. 1st DCA 1988).
[4] Since our disposition is based upon a corporate alter ego theory it is unnecessary to consider, and we do not address, appellee's contention that jurisdiction may be alternatively predicated upon appellant's direct contact with Florida through its alleged real estate activities within the state. Likewise, no question is presented and we do not address any further issue as to what proof may be required at trial to establish appellant's liability pursuant to the corporate alter ego theory espoused in Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984).