716 So.2d 320 (1998)
Jerald M. BELLAIRS, Vivian M. Bellairs, and Sunshine Broadcasting, Inc., Appellants,
v.
William MOHRMANN, Meridee Mohrmann, Peter Hunt, Anthony Giannattasio, Patricia Giannattasio, and Donald Evans, Appellees.
No. 97-02739.
District Court of Appeal of Florida, Second District.
August 14, 1998.
*321 Michael F. Kayusa of the Law Offices of Michael F. Kayusa and Robert L. Donald of the Law Office of Robert L. Donald, Fort Myers, cocounsel for Appellants.
C. Berk Edwards, Jr., of Smoot Adams Edwards & Green, P.A., Fort Myers, for Appellees.
PARKER, Chief Judge.
Sunshine Broadcasting, Inc., and its owners, Jerald M. Bellairs and Vivian M. Bellairs (the appellants), appeal the trial court's final order dismissing with prejudice their amended third-party complaint against the appellees, William Mohrmann, Meridee Mohrmann, Peter Hunt, Anthony Giannattasio, Patricia Giannattasio, and Donald Evans (the Miracle Principals), who are the owners of Miracle Broadcasting, Inc. We conclude that the appellants' amended third-party complaint pleads a prima facie case for personal jurisdiction over the Miracle Principals, all of whom reside out-of-state. Therefore, we reverse and remand for a limited evidentiary hearing to determine the jurisdiction issue.
Sunshine Broadcasting, Inc. (Sunshine) owned the right to construct and operate an FM radio station in Lee County, Florida. In 1991, Miracle Broadcasting, Inc. (Miracle) entered into a written agreement to purchase the radio station, which had not yet been constructed, from the appellants. Pursuant to Federal Communications Commission (FCC) regulations, the complete sale could not be consummated until the station had been operated (i.e., "on the air") for a period of one year and one day. Thus, the agreement provided that Miracle would immediately purchase a minority interest in Sunshine, with an option to purchase the remainder *322 when the waiting period elapsed. In the interim, Miracle was required to fund the operation of the station. The agreement stated that if Miracle defaulted in the performance of its obligations, the appellants could nullify the option to purchase and retake the minority interest of the stock issued to Miracle. The agreement also included Miracle's warranty that it was financially qualified to enter into the transaction.
During the waiting period a dispute arose between the parties. Miracle filed an action against the appellants for breach of contract. Miracle alleged that the appellants terminated the agreement and reclaimed Miracle's minority interest in Sunshine wrongfully. Thus, Miracle requested the trial court to invalidate the appellants' actions and judicially recognize that its option to purchase still existed or, in the alternative, to award damages for the appellants' breach.
The appellants responded by filing a thirdparty complaint against the Miracle Principals[1] which was dismissed without prejudice for lack of personal jurisdiction. Thereafter, the appellants filed the amended third-party complaint which is the subject of this appeal. The trial court also dismissed the amended third-party complaint, but this time with prejudice.[2]
The issue in this appeal is whether the trial court erred in dismissing the appellants' amended third-party complaint with prejudice. The amended third-party complaint alleged that the Miracle Principals were not residents of Florida, but that they were individually liable for the activities they conducted in this state under the guise of Miracle Broadcasting, Inc.
In support of their motions to dismiss the original third-party complaint, the Miracle Principals each submitted identical affidavits. The affidavits stated that the agreement had been executed only by Miracle, and that there was no basis for long-arm jurisdiction over them individually. While the Miracle Principals did not submit new affidavits in response to the appellants' amended thirdparty complaint, they were entitled to rely upon the affidavits that they filed in response to the original third-party complaint, as they were already a part of the record. Therefore, the trial court properly considered these affidavits as competent sworn proof of the Miracle Principals' allegations as to the trial court's lack of personal jurisdiction over them.
Although this case involves long-arm jurisdiction, the appellants, as third-party plaintiffs below, were not relying on Florida's long-arm statute, section 48.193, Florida Statutes (1993), to establish jurisdiction over the Miracle Principals. Instead, the appellants were relying on the "alter ego theory" to establish jurisdiction in this case. See, e.g., Woods v. Jorgensen, 522 So.2d 935, 937 (Fla. 1st DCA 1988). Under the alter ego theory of long-arm jurisdiction, a nonresident shareholder of a resident corporation may be subject to long-arm jurisdiction where the alter ego test can be met. See id.; see also Hobbs v. Don Mealey Chevrolet, Inc., 642 So.2d 1149, 1155 (Fla. 5th DCA 1994); Qualley v. International Air Serv. Co., 595 So.2d 194, 196 (Fla. 3d DCA 1992).
The alter ego theory of long-arm jurisdiction exists as a limited exception to the general, two-step process for establishing long-arm jurisdiction as set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).[3] Under the alter ego theory, the complaint only must allege facts sufficient to pierce the corporate veil of the resident corporation. See Woods, 522 So.2d at 937.
*323 The leading Florida case on the piercing of corporate veils is Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). In Dania Jai-Alai, the Florida Supreme Court held that to pierce the corporate veil one must prove both that the corporation is a "mere instrumentality" or alter ego of the defendant, and that the defendant engaged in "improper conduct" in the formation or use of the corporation. See id. at 1120-21. However, because Dania Jai-Alai did not involve a challenge to personal jurisdiction, we find it necessary to look back to Venetian Salami to determine the procedure in which this test should be applied.
In Venetian Salami, the Florida Supreme Court outlined the basic procedure for longarm jurisdiction cases. The court held that a plaintiff must first allege a jurisdictional basis in his pleading. Then, if the defendant wishes to contest these allegations, he must file an affidavit specifically addressing the allegations. Once a defendant submits an appropriate affidavit, the plaintiff must support his allegations with an affidavit of his own. If no disputed factual issues appear on the face of the opposing affidavits, the trial court can decide the long-arm issue without holding an evidentiary hearing. However, if the opposing affidavits conflict with one another, the trial court must "hold a limited evidentiary hearing in order to determine the jurisdiction issue." Venetian Salami, 554 So.2d at 502-03. Although, the alleged basis for long-arm jurisdiction in Venetian Salami was different than the "alter ego" theory employed here, we hold that the procedure set forth above is universal in application.
In this case, the trial court dismissed the amended third-party complaint without conducting an evidentiary hearing, and without stating any findings in its order. Thus, to determine whether the trial court erred in so ruling, this court must look to the pleadings.
The amended third-party complaint alleged that "Miracle was a hollow shell with no ability to meet the obligations of the agreement," and that "Miracle never had any existence separate and distinct from its `shareholders.' "The amended third-party complaint also alleged that the Miracle Principals "failed to observe corporate formalities... [and] did not recognize the existence of Miracle as a corporation in their own dealings." The amended third-party complaint further alleged that "Miracle is a mere instrumentality of its shareholders and the Miracle entity was used for improper conduct." These allegations were made in support of potentially actionable claims for fraudulent representation, fraudulent concealment, interference with business relations, slander of title, conversion, fraud, malicious prosecution, and breach of contract. Our review of the amended third-party complaint leads us to conclude that the averments delineated by the appellants constitute a prima facie case for jurisdiction because they allege both that the resident corporation was a mere instrumentality of its shareholders, and that the corporation was used for improper conduct. See Dania Jai-Alai, 450 So.2d at 1120-21. It matters not that the improper conduct occurred after the formation of the corporation.
Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil.
Id. (emphasis supplied).
In response, the Miracle Principals filed their motions to dismiss, which, as stated above, were supported by the affidavits previously filed. Under Venetian Salami, because the Miracle Principals' affidavits conflicted with the affidavits filed by the appellants, the trial court should have conducted a limited evidentiary hearing to resolve the jurisdiction issue. Thus, the trial court erred by granting the Miracle Principals' motions to dismiss the amended thirdparty complaint with prejudice. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and GREEN, JJ., concur.
NOTES
[1] The third-party complaint named two additional third-party defendants who, by virtue of filing answers to the third-party complaint, are not involved in this appeal. The third-party complaint was not dismissed as to those two defendants.
[2] We note that it is unusual for a trial court to dismiss a complaint "with prejudice" upon a motion to dismiss for lack of personal jurisdiction.
[3] Under the general, two-step process: "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of [section 48.193]; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)).