725 So.2d 456 (1999)
ALDEA COMMUNICATIONS, INC., a California corporation, and Susan Estrada, individually, Appellants,
v.
James GARDNER, Appellee.
No. 98-01776
District Court of Appeal of Florida, Second District.
February 10, 1999.
*457 Gregg J. Breitbart and Jeffrey T. Kucera of Kirkpatrick & Lockhart, LLP, Miami, and Thomas M. Fitzgibbons, Sarasota, for Appellants.
Joshua E. Reynolds of Joshua E. Reynolds, P.A., Sarasota, for Appellee.
STRINGER, THOMAS E., Sr., Associate Judge.
Aldea Communications, Inc. (Aldea), a California corporation, and Susan Estrada appeal the order of the trial court denying their motion to dismiss the amended complaint on the ground that they are not subject to personal jurisdiction in the State of Florida. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We affirm, without discussion, the trial court's order as it pertains to Aldea, but we agree that the trial court erred in denying the motion to dismiss COUNT III of the complaint in which the appellee, James Gardner, sought money damages against Estrada.
In COUNT I of the complaint, Gardner sought money damages against Aldea. COUNT II, which was an action against Aldea for quantum meruit, was dismissed by the trial court for failure to state a cause of action. In COUNT III, Gardner sued Estrada alleging that Aldea was the alter ego of Estrada. Estrada is the president and a shareholder of Aldea. A nonresident shareholder of a corporation doing business in Florida may be subject to long-arm jurisdiction under an alter ego theory. See Bellairs v. Mohrmann, 716 So.2d 320 (Fla. 2d DCA 1998). The complaint, however, "must allege facts sufficient to pierce the corporate veil" of the corporation. Bellairs, 716 So.2d at 322 (citing Woods v. Jorgensen, 522 So.2d 935, 937 (Fla. 1st DCA 1988)). The plaintiff must allege not only that the corporation is a "mere instrumentality" of the individual defendant but that the individual defendant engaged in "`improper conduct' in the formation or use of the corporation." Bellairs, 716 So.2d at 323 (citing Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1120-21 (Fla.1984)). Gardner did not allege, in COUNT III of the complaint, that there was any improper conduct such as fraud on the part of Estrada in the formation or use of the corporation.
Because Gardner failed to allege sufficient facts to proceed under an alter ego theory against Estrada, he also failed to plead sufficient facts to subject Estrada to personal jurisdiction in Florida. Accordingly, we reverse the trial court's order as it pertains to COUNT III of the complaint and remand with instructions for the trial court to dismiss COUNT III without prejudice to Gardner's amending that count to plead facts sufficient to pierce the corporate veil. See Kapley v. Borchers, 714 So.2d 1217 (Fla. 2d DCA 1998). If Gardner amends his pleading to allege a jurisdictional basis against Estrada, Estrada may contest these allegations through the procedures outlined in Bellairs.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.