856 So.2d 1063 (2003)
XL VISION, LLC., et al., Appellant,
v.
Dan R. HOLLOWAY, Appellee.
No. 5D02-2809.
District Court of Appeal of Florida, Fifth District.
October 10, 2003.
*1064 Kenneth C. Crooks of Dean, Mead, et al., Melbourne, for Appellant.
Stewart B. Capps of Stewart B. Capps, PA., Indialantic, for Appellee.
THOMPSON, J.
VennWorks, LLC, and Robert Bertoldi appeal an order denying their motion to dismiss for lack of personal jurisdiction. We affirm.
In 2000, appellee Dan R. Holloway and XL Vision Incorporated entered an "at will" employment agreement under which XL Vision Incorporated would pay Holloway a salary and benefits including moving expenses, stock incentives, and bonuses. The contract was the letter offering Holloway the job of director of employee relations, *1065 and Holloway accepted the offer by signing the letter. The letter was signed by David J. Illingsworth, President and Chief Operating Officer, and Holloway signed the letter in agreement.
About a year later, Holloway received another letter from Illingsworth on the same letterhead. This letter informed Holloway that negotiations were under way for the transfer of XL Vision Incorporated's assets to XL Vision Limited Liability Company, a wholly owned subsidiary of VennWorks, and that if he resigned his position with XL Vision Incorporated, he would be hired under substantially the same terms by XL Vision Limited Liability Company. According to the letter, XL Vision Limited Liability Company would have the benefit of the 2000 agreement with respect to Holloway's non-compete agreement and certain stock grants. Under the proposed 2001 agreement, certain stock grants, held in the name of XL Vision Incorporated would be transferred to VennWorks, and VennWorks would assume XL Vision Incorporated's obligations under the stock grants. Holloway indicated his agreement by signing the letter. XL Vision Limited Liability Company's agreement was made "by" VennWorks as the sole member of XL Vision Limited Liability Company. VennWorks's agreement was made "by" Robert Bertoldi, President.
Only a few months later, Holloway was terminated, according to his complaint, and he sued Bertoldi, VennWorks, and XL Vision Limited Liability Company for $121,650.00, which he claimed was still owed for his moving expenses, the balance of his bonus, and the balance of his severance package. XL Vision Limited Liability Company moved to dismiss for improper venue because its office was in Indian River County and not in Brevard County, where Holloway sued. This motion was eventually withdrawn. VennWorks and Bertoldi moved to dismiss for lack of personal jurisdiction based on Bertoldi's affidavit stating that he was a New York resident who did not own property in Florida, that he had not conducted business individually in Florida, that VennWorks was a Delaware limited liability company which did not conduct business in Florida, that VennWorks's sole connection to Florida was through its subsidiary, XL Vision Limited Liability Company, and that Bertoldi's sole connection to Florida was that he signed the 2001 letter to Holloway on behalf of VennWorks. The court reserved ruling on the motion to dismiss and allowed Holloway to amend his complaint.
The amended complaint added a count for fraud based on alleged oral misrepresentations by VennWorks and Bertoldi that VennWorks would provide funds to cover the obligations owed Holloway by XL Vision Limited Liability Company. The complaint also alleged that XL Vision Limited Liability Company was the alter ego of VennWorks and Bertoldi. Relying on Bertoldi's previously submitted affidavit, VennWorks and Bertoldi again moved to dismiss the complaint on jurisdictional grounds. The court denied the motion, and VennWorks and Bertoldi appeal, contending that the court erred in failing to hold an evidentiary hearing to resolve discrepancies between the jurisdictional allegations of the verified amended complaint and Bertoldi's affidavit. We affirm because there were no discrepancies between the complaint and the affidavit.
Determining whether there is personal jurisdiction is a two-part inquiry. Hartcourt Companies, Inc. v. Hogue, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002). First, it must be determined whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of section 48.193, Florida Statutes, Florida's *1066 long-arm statute. Id. (citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)). If the allegations are within the ambit of the statute, it must then be determined whether the exercise of jurisdiction is consistent with due process. Id. (citing Venetian Salami, 554 So.2d at 502). The exercise of personal jurisdiction comports with due process if the defendant purposefully established "minimum contacts" in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Holloway's complaint alleges that the three defendants owe him money pursuant to a contract, that the money was to be paid to him in Florida after he established a household in Florida, and that the payment was for work he was to perform and did perform in Florida. Furthermore, the complaint alleges that Bertoldi and VennWorks fraudulently induced Holloway to resign from XL Vision Incorporated and to enter the contract with XL Vision Limited Liability Company for work Holloway was to perform and did perform in Florida. These allegations are sufficient for personal jurisdiction under the long-arm statute. See Hartcourt Companies, 817 So.2d at 1071 ("Under section 48.193(1)(g), a person submits himself to the jurisdiction of this state by `[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state'"); see also § 48.193(1)(a), Fla. Stat. (a person subjects himself to the jurisdiction of this state by, personally or through an agent, operating, conducting, engaging in, or carrying on a business or business venture in this state). In addition, the allegations show the constitutionally required minimum contacts: the agreement was not an isolated transaction, but was for ongoing services by Holloway in Florida, the agreement gave rise to ongoing relations between the parties, XL Vision Limited Liability Company solicited Holloway's employment, and the agreement focused on and had future consequences in Florida. Compare Hartcourt Companies, 817 So.2d at 1067.
When the facts relating to personal jurisdiction are in dispute, the trial court must hold a limited evidentiary hearing to decide the jurisdiction issue. Venetian Salami, 554 So.2d at 503. Here, the verified, amended complaint alleges that VennWorks and Bertoldi are liable under the contract because XL Vision Limited Liability Company was their alter ego or instrumentality.
The corporate veil may be pierced if the plaintiff can prove "both that the corporation is a `mere instrumentality' or alter ego of the defendant, and that the defendant engaged in `improper conduct' in the formation or use of the corporation." Bellairs v. Mohrmann, 716 So.2d 320, 323 (Fla. 2d DCA 1998) (emphasis supplied)(citing Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1120-21 (Fla.1984)).
Merkin v. PCA Health Plans of Florida, Inc., 855 So.2d 137 (Fla. 3d DCA 2003).
In the verified amended complaint, Holloway alleges that Bertoldi and Venn-Works formed, operated, and manipulated XL Vision Limited Liability Company to defraud creditors, that they commingled funds, that they failed to maintain other corporate formalities, that VennWorks directly paid for liabilities such as salaries or expenses incurred by XL Vision Limited Liability Company, and that XL Vision Limited Liability Company was run by VennWorks for the benefit of VennWorks and Bertoldi. Bertoldi and VennWorks are correct in arguing that they could rely on the affidavit submitted in opposition to the original complaint, Bellairs, 716 So.2d at 322, but the statements in the affidavit do not conflict with the verified allegations in the complaint. The complaint does not allege that VennWorks or Bertoldi directly ran a business in Florida, which is what *1067 Bertoldi's affidavit denies, but that they ran a business in Florida through their alter ego, XL Vision Limited Liability Company. Because the affidavit does not dispute the jurisdictional facts alleged in the complaint, the trial court was not required to hold an evidentiary hearing. See Merkin, 855 So.2d 137 (a defendant wishing to contest the jurisdictional allegations of the complaint must file an affidavit specifically addressing the allegations).
Finally, Bertoldi argues that the court lacked jurisdiction under Doe v. Thompson, 620 So.2d 1004 (Fla.1993). In Doe, the court applied the "corporate shield" doctrine and held that acts of a corporate employee performed in a corporate capacity do not form the basis for jurisdiction over the corporate employee in an individual capacity. The court also stated, however, that a corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction. Id. at n. 1.
AFFIRMED.
PALMER and TORPY, JJ., concur.