Krupp, Peter B., J.
This action is before the court on a motion to dismiss the amended complaint filed by defendants Support Management, Inc. (“SMI-MA”), a Massachusetts corporation, and Vladimir Batrin (“Batrin”). For the following reasons, the motion is ALLOWED.
Background Facts and Procedural History[1]
In or about October 2009, plaintiff, Riva Hoimes-Marc, a resident of Florida, filed a civil action in the 17th Judicial Circuit in Broward County, Florida against her employer, Support Management, Inc. (“SMI-FL”), a Florida corporation, alleging employment discrimination and retaliation “in violation of local, state and federal discrimination laws.” SMI-MA and Batrin were not named in the Florida action. In January 2011, Ms. Hoimes-Marc obtained ajudgment for $28,920, plus interest and reasonable attorneys fees and costs, from the Florida court.
In June 2012, Ms. Hoimes-Marc filed this action purporting to allege claims for breach of contract and violation of G.L.c. 93A against SMI-MA and three individuals, including Batrin. After the defendants served plaintiff with a motion to dismiss the initial complaint, plaintiff filed her Amended Complaint in Equity to Recognize Foreign Judgment and Pierce Corporate Veil (“Amended Complaint” or “Am. Compl”), which added SMI-FL as a defendant, dropped two of the originally named individual defendants, and eliminated the breach of contract and G.L.c. 93A claims. The Amended Complaint seeks to have the Florida judgment against SMI-FL recognized by this court and enforced against SMI-FL, SMI-MA and Batrin. As against SMI-MA and Batrin, the Amended Complaint is predicated on a corporate veil-piercing theory.
In support of its theory that the corporate veil of SMI-FL should be pierced, the Amended Complaint is long on conclusory allegations and short of factual detail. The Amended Complaint alleges, and the court accepts as true for these purposes, the following facts.
SMI-MA was incorporated under Massachusetts law on April 29, 2004, initially with its address at Batrin’s residence. Am. Compl ¶¶14, 16. Batrin is the president, treasurer and clerk of SMI-MA. Id. ¶15. SMI-FL was incorporated under Florida law on March 8, 2006. Amended Complaint ¶11. Batrin was “the incorporator” of SMI-FL and was the only listed officer and/or director of SMI-FL “when it was incorporated.”[2] Id. ¶¶12, 13. Other than having a shareholder and incorporator in common with SMI-FL (i.e., Batrin), there is no allegation that SMI-MA exercised any control over SMI-FL.
The two corporations provided similar business and transportation services in Massachusetts and Florida respectively. Batrin was “the dominant shareholder” of each corporation. Id. ¶¶17, 18. Although the Amended Complaint alleges that Batrin exercised “pervasive control” over both corporations, this con-clusoiy allegation is supported by only the factual allegations contained in paragraphs 19-22 of the Amended Complaint: that on March 4, 2010, Batrin resigned as the director and shareholder of SMI-FL, taking $25,000 from the company as consideration for his resignation. According to plaintiff, removing these funds from SMI-FL caused SMI-FL to become insolvent and cease operations in October 2010, while plaintiffs case was pending in Florida.[3] Id. ¶¶19-22.
Plaintiff also alleges “(u]pon information and belief,” and without factual detail that Batrin “did not observe corporate formalities between himself and the companies and has used the corporations for personal benefits and to gain unjust enrichment.” Id. ¶23. Although not defined, “the companies” and “the corporations” referred to in this paragraph presumably are SMI-FL and SMI-MA.
DISCUSSION
1. Rule 12(b)(6)
When presented with a challenge to the sufficiency of a complaint under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure, the court must accept as true the well pled factual allegations of the complaint and draw reasonable inferences from those facts in favor of the plaintiff. Iannacchmo, 451 Mass, at 636. The court, however, will “not accept legal conclusions cast in the form of factual allegations.” Schaer, 432 Mass, at 477. To survive a Rule 12(b)(6) challenge, the complaint must contain factual allegations which, if true, bring a right to relief above the speculative level, Iannacchmo, 451 Mass, at 636, “plausibly suggesting *379 {not merely consistent with)” a basis for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Dismissal is appropriate under Rule 12(b)(6) where the facts alleged in the complaint are insufficient to support a cause of action.
Plaintiff sets out three counts in the Amended Complaint, seeking to recognize the Florida judgment against SMI-FL (Count I), to pierce the corporate veil of SMI-FL so the Florida judgment against SMI-FL might be enforced against SMI-MA (Count II), and to pierce the corporate veil of SMI-FL so the Florida judgment against SMI-FL might be enforced against Batrin. The court addresses each of these counts in turn, including Count I, upon which the other counts depend.
2. Recognition of Foreign Judgment
The Massachusetts statute governing recognition of foreign judgments is G.L.c. 235, §23A. In relevant part, it provides that “any foreign judgment,” defined to include a judgment issued by another state, “that is final and conclusive and enforceable where rendered... shall be conclusive between the parties to the extent that it grants or denies recovery of a sum of money.” G.L.c. 235, §23A, para. 1 (emphasis added). Although Section 23A provides that it “shall not prevent the recognition of a foreign judgment in situations not covered by this section and its provisions,” G.L.c. 235, §23A, para. 7, nothing in Section 23A expressly authorizes the recognition of a judgment of a foreign state against a third parly that was not a party to the foreign action.
In Count I, plaintiff seeks recognition of the Florida judgment as against SMI-FL. Under G.L.c. 235, §23A, the court is obligated to recognize, and give full faith and credit to, the Florida judgment and enforce it as against SMI-FL, assuming the court has personal jurisdiction over SMI-FL. The court, however, has serious concern that it lacks personal j urisdiction over SMI-FL. According to the plaintiffs allegations, SMI-FL is an inactive Florida corporation with a principal place of business in Oakland Park, FL, Am. Compl ¶5, which previously conducted its business in Florida. Id. ¶18. The Amended Complaint does not contend that SMI-FL had any active role in, or minimum contacts with, Massachusetts.[4]
It is not clear to the court whether, under G.L.c. 235, §23A, para. 7, the court may recognize a foreign judgment and enforce it against a third party that was not a party to the proceeding which rendered the foreign judgment. Section 23A, for example, requires the foreign state to have had personal jurisdiction over the person or entity against which the judgment was entered. See, e.g., Quinn v. Quinn, 5 Mass.App.Ct. 794, 794 (1977); Evans v. Cabinet Corp. v. Kitchen International Inc., 593 F.3d 135,138(lstCir. 2010).This requirement comports with basic notions of due process, presupposing that the party against which the judgment was entered had notice and an opportunity to defend in the foreign state.
SMI-MA and Batrin were not parties to the Florida action. Am. Compl, Ex. A (Florida complaint). Therefore, if the Florida judgment is enforceable against them at all, its enforcement would depend on proof—or at this stage factual allegations—that SMI-MA or Batrin stand in the shoes of SMI-FL. Here, SMI-MA and Batrin contend that plaintiff has failed to allege facts sufficient to permit plaintiff to pierce the corporate veil of SMI-FL. Because SMI-MA and Batrin have not argued that the judgment against SMI-FL is not entitled to full faith and credit in Massachusetts as against them if the corporate veil were pierced, the court assumes, without deciding, that Section 23A would permit enforcement of the Florida judgment against SMI-MA or Batrin, in appropriate circumstances, even though they were not parties to the Florida action.[5]
3. Corporate Veil Piercing
Whether to pierce the corporate veil of SMI-FL, a Florida corporation, is governed by Florida law. Lily Transportation Corp. v. Royal Institutional Services, Inc., 64 Mass.App.Ct. 179, 188n.l5 (2005).
Florida law will permit a court to “disregard the corporate entity in only the most extraordinaiy cases,” which present “proof of deliberate misuse of the corporate form—tantamount to fraud.” Hillsborough Holdings Corp. v. CelotexCorp., 166 B.R. 461, 468-69 (Bankr.M.D.Fla.) (italics in original), affd, 176 B.R. 223 (M.D.Fla. 1994). Contrasting the federal notion of “alter ego” to the Florida standard, one United States District Court Judge described Florida’s “very stringent three-part test” as requiring
persuasive evidence that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation’s independent existence was in fact nonexistent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.
Old West Annuity and Life Insurance Co. v. The Apollo Group, 2008 WL 2993958 at *7 (M.D.Fla. Aug. 1, 2008), affd, 605 F.3d 856 (11th Cir. 2010). See also Dania Jai-AlaiPalace, Inc. v. Sykes, 450 So.2d 1114, 1121 (Fla. 1984) (“the corporate veil may not be pierced absent a showing of improper conduct”); Bellairs v. Mohrmann, 716 So.2d 320, 323 (Fla.Dist.Ct.App. 1998) (“to pierce the corporate veil one must prove both that the corporation is a ‘mere instrumentality’ or alter ego of the defendant, and that the defendant engaged in ‘improper conduct’ in the formation or use of the corporation” (italics in original)).
The plaintiffs allegations do not measure up against this legal yardstick. As to Count II, the plaintiff has not alleged any facts—as opposed to conclusory allegations— suggesting any basis to pierce SMI-FL’s corporate veil to get to SMI-MA. The plaintiff has not alleged any facts supporting an inference that SMI-MA was a shareholder, officer, director or parent corporation of SMI-FL, or otherwise controlled SMI-FL such that SMI-MA was SMI-FL’s *380 alter ego. To the contrary, plaintiff alleges that SMI-FL and SMI-MA were two different corporations, conducting similar operations in separate states. Am Compl ¶¶5, 6, 18. Plaintiff has not alleged that SMI-MA used (or even was in a position to use) SMI-FL fraudulently or for an improper purpose, or that any misuse of SMI-FL’s corporate form by SMI-MA caused injury to plaintiff.
As to Count III, the plaintiffs allegations are only slightly more substantive, but are nonetheless insufficient to allege a factual basis for a claim for piercing SMI-FL’s corporate veil under Florida law and to hold Batrin accountable for the Florida judgment. The Amended Complaint alleges that Batrin was the dominant shareholder of SMI-FL, but it does not allege any facts to support an inference that Batrin so controlled SMI-FL that SMI-FL had no independent existence, but was Batrin’s alter ego. The mere fact that Batrin was the dominant shareholder is not sufficient under Florida law to establish that SMI-FL was Batrin’s mere instrumentality. Here, there are no allegations of commingling of funds, misappropriation of funds, or any fraudulent conduct in the formation or operation of SMI-FL.
The single, non-conclusoiy, factual allegation in the Amended Complaint relating to Batrin is that in March 2010 Batrin resigned as a director and shareholder of SMI-FL on condition that he be paid $25,000 during the next year out of net profits. The Amended Complaint does not allege that Batrin was not owed or otherwise entitled to these funds, or that the $25,000 payment, if actually paid to Batrin, see, n.3, supra, was obtained by fraud, was designed to defraud creditors , or more particularly was designed to harm plaintiff. Notably, the March 2010 payment, if it was in fact made then as alleged in the Amended Complaint, was made approximately 10 months before plaintiff obtained a judgment in the Florida action. Plaintiff also has not alleged any misuse of the corporate form of SMI-FL or that any such misuse caused any injury to plaintiff.[6] These allegations are at best consistent with a theory of relief. They do not plausibly suggest an entitlement to relief. As such, they are insufficient to survive a motion to dismiss under Rule 12(b)(6).
For these reasons, it is ORDERED as follows:
ORDER
So much of Defendants Support Management, Inc. (“SMI-MA”) and Vladimir Batrin’s Motion to Dismiss Plaintiff Riva Holmes-Marc’s Amended Complaint, as seeks dismissal ofthe claims against SMI-MA and Batrin (Counts II and m) in the Amended Complaint is ALLOWED.
Within 10 days from the date of this Order, plaintiff shall file a status report with the Court indicating (i) whether she intends to go forward with Court I against SMI-FL; (ii) whether SMI-FL has been served; and (in) if SMI-FL has not been served, why the only remaining portion of the Amended Complaint (Count I against SMI-FL) should not be dismissed for failure to make service within the time permitted under the Tracking Order.

For purposes of a motion to dismiss under Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations in the Amended Complaint. Iannacchino v. Ford Motor Co. [“Iannacchino"), 451 Mass. 623, 636 (2008). The court may also consider the documents attached as exhibits thereto. Schaer v. Brandéis University (“Schaer”), 432 Mass. 474, 477 (2000).

In ruling on the defendants’ motion, the court has not relied on the Affidavit of Vladimir Batrin or other factual submissions by the defendants in support of their motion to dismiss, which purport to lay out facts inconsistent with the allegations in the Amended Complaint.

he court questions the truth of these allegations although the court deems them true for purposes of defendant’s motion. Plaintiff attaches to the Amended Complaint as Exhibit E (and cites to it as authority for its allegation that Batrin took $25,000 from SMI-FL, Am. Compl. ¶19) a letter of resignation by Batrin on. SMI-FL letterhead dated March 4, 2010, in which he resigns as a director of SMI-FL in exchange for payment to him of $25,000 to “be paid by the Company from net profit of the company as soon as it will reasonably become available in the next year.” Such terms for a payment to Batrin suggest that payment was made to Batrin in the next year and would have been made out of “net profits,” but would have been made in the future by someone other than Batrin because Batrin had resigned.

In light of the rulings below, plaintiff shall have 10 days from the date of this Order to file a status report with the Court indicating (i) whether she intends to go forward with Count I against SMI-FL; (ii) whether SMI-FL has been served; and (iii) if SMI-FL has not been served, why this action should not be dismissed for failure to make service within the time permitted under the Tracking Order.

The personal jurisdiction issue under G.L.c. 235, §23A— that is, whether the Florida court exercised jurisdiction over SMI-MA and Batrin in the Florida proceeding such that they should be chargeable here with the judgment in that action— is a different question than the one defendants, raise when they challenge the jurisdiction of the Florida court to exercise personal jurisdiction over them under a properly pleaded complaint had the plaintiff alleged claims against them in Florida. In this case, defendant Batrin concedes he “did conduct substantial activity for SMI-FL when he was an active member of that company.” Such conduct may well have been sufficient to have permitted the Florida court to exercise personal jurisdiction over Batrin if he had been named in the Florida action. Whether SMI-MA had sufficient contact with Florida for a Florida court to exercise jurisdiction over it appears doubtful.

The conclusory allegations presented “upon information and belief’ in paragraph 23 of the Amended Complaint, which are presented without any factual detail, are insufficient to rescue the Amended Complaint as against Batrin. Such allegations reflect what plaintiff hopes to be able to show and amount to the kind of speculative pleading no longer sufficient to defeat a Rule 12(b) (6) motion. Menard v. CSX Transp., Inc., 698 F.3d 40, 44 & n.5 (1st Cir. 2012) (if plaintiff making allegation on information and belief “had any facts to support [his] assertion, they should have been set forth” because “upon information and belief’ signifies allegations that are “based on secondhand information that [the asserting party] believes to be true” and are insufficient to satisfy Rule 12(b)(6) (citations omitted) (final insertion in original)); Gilbert v. FederalNat’lMortg. Ass’n, 2011WL1364019 at *2 (Middlesex Super.Ct. Mar. 31, 2011) (Leibensperger, J.) (“when allegations in a complaint made ‘upon information and belief are speculative or conclusory, unsupported by facts, they are not entitled to deference from the Court”).