237 So.2d 793 (1970)
Debra Earlene GRAHAM, Also Known As Mrs. Thomas Graham, Appellant,
v.
The FIRST MARION BANK, a Florida Corporation, Appellee.
No. L-169.
District Court of Appeal of Florida, First District.
July 23, 1970.
Rehearing Denied August 20, 1970.
Lewis E. Dinkins, Ocala, for appellant.
Harry C. Dozier, Jr., Ocala, for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action for wrongfully dishonoring a check has appealed from a final summary judgment entered by the Circuit Court for Marion County in favor of the defendant bank.
The ultimate question presented for determination in this appeal is whether that summary judgment was properly entered under our procedural rules governing the entry of such judgments.
The key provision in those rules, contained in Rule 1.510 of the Florida Rules of Civil Procedure, 31 F.S.A., provides that at a hearing upon a party's motion for a summary judgment, the "judgment sought" shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no *794 genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
In many cases this court has pointed out that, under the quoted rule, two conditions must exist before the entry of a summary judgment is authorized: (1) there must be no genuine issue as to any material fact; and (2) the moving party must be entitled to a summary judgment as a matter of law. See, for example, Smith v. City of Daytona Beach, 121 So.2d 440 (Fla.App. 1960).
In the case at bar the plaintiff alleges in her complaint that the defendant wrongfully, negligently, and maliciously dishonored a check which she had drawn against her checking account in the defendant bank, which account was in the name of Mrs. Thomas Graham, with withdrawals being permitted solely on the signature of that name; that in May, 1967, the defendant improperly withdrew $115 from the plaintiff's said account without her knowledge under these circumstances: a check was made payable to Graham Colonial Oil in the amount of $110, dated May 12, 1967, signed by "Billy J. Walker" and endorsed by the plaintiff's husband, Thomas Graham. This check was returned to the defendant uncollected, and the said endorser was notified. Upon the return of this check the defendant, under the direction of its cashier, charged this check against the plaintiff's said account. When the plaintiff received her bank statement about June 1, 1967, she immediately informed an employee of the defendant, which employee advised her that the matter would be corrected. This check was presented for payment within a reasonable time by Lowe at the defendant bank, which dishonored the check.
As a result of the defendant's dishonoring of the said check, the plaintiff discovered that she was going to be arrested, and she contacted the bank to learn why the monies had not been recredited to her account, and the defendant's cashier told her that the money that the defendant had taken from her account would not be returned to her and that the defendant had a right to charge her account and there was nothing she could do about it.
Later the plaintiff was arrested on a worthless check charge on Lowe's affidavit, and, after a preliminary hearing, she was released from the criminal charge.
In view of the foregoing evidence which was before the court at the hearing on the defendant's motion for a summary judgment, we do not see how it can be held that there was no genuine issue as to a material fact, nor that the defendant was entitled to a summary judgment as a matter of law.
The defendant had no legal or contractual right to charge against the plaintiff's said account a check signed by "Billy J. Walker," even though endorsed by her husband.
In our opinion, at the hearing on the defendant's motion for a summary judgment there was sufficient evidence in the depositions, answers to interrogatories, and affidavits from which a jury could have reasonably concluded that the plaintiff had proved the allegations of her complaint and hence there were genuine issues of material fact which should have been submitted to a jury for its determination.
Therefore, the final summary judgment appealed from herein should be, and it is, reversed and the cause remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.