ERVIN, Judge.
The appellants (attorneys) appeal the trial court’s ruling granting final summary judgment in favor of the appellees. We hold that there exist genuine issues of material fact as to the appellants’ joint and several liability, and therefore find that summary judgment was improperly granted.
In September 1982, Stanley and Shirley Schofield were injured in an automobile accident. During the pendency of their claim in negligence against the third-party tortfeasor, the Schofields sought medical benefits under a group life insurance and health protection plan issued by Provident Security Life Insurance Company (Provident) through Stanley Schofield’s employer, Watkins Associated Industries (Watkins). A dispute arose between the parties regarding the subrogation rights of Watkins under the terms of the policy in the pending negligence action, and the Schofields filed a complaint for declaratory judgment, requesting the court to define the rights and liabilities of the parties. The complaint stated that as a condition precedent to the payment of benefits under the policy of insurance, Provident had insisted that the Schofields sign an agreement to refund group medical expense benefits if a claim for damages against a third-party tort-feasor was successful. The Schofields stated that under Section 627.7372, Florida Statutes, they were precluded from receiving payment from a tortfeasor for benefits already received from any collateral source, and therefore were not required to refund the insurance company for any amount of damages received in a third-party suit for damages. The complaint for declaratory judgment further stated that if the Schofields were to sign an agreement to refund group medical expenses, they would be put in the position of having to refund benefits to the insurance company, while also being statutorily precluded from recovering such benefits from the tort-feasors in the accident, thus resulting in a net loss.
Prior to a determination of the parties’ rights, the attorneys for the Schofields presented a loan receipt agreement to Watkins and Provident, proposing that the Schofields sign the receipt in lieu of the Schofields’ pursuing to conclusion their suit for declaratory judgment. The parties’ subsequently executed loan receipt provided in pertinent part:
Received from Watkins the sum of $19,-526.46 as a loan, without interest ... repayable only in the event and to the extent that any net recovery is made by Stanley W. Schofield and his wife, Shirley Schofield from any person or persons, corporation or corporations or other parties, on account of losses, injuries or damages arising out of an automobile accident that occurred on or about September 14, 1982.
(e.s.) The Schofields then settled their claim with the third-party tortfeasor, and the appellees filed a complaint against both the Schofields and their attorneys,[1] alleging breach of contract, for failure to remit the loaned amount. The trial court granted summary judgment in favor of the ap-pellees, enforcing the terms of the loan receipt agreement.[2]
This case centers around the interpretation of the language in the loan receipt *294 agreement. The appellants contend that the term “net recovery” applies only if the Schofields received an award of medical benefits from the third-party tortfeasor, since, under Section 677.7372, Florida Statutes, the Schofields were precluded from recovering medical benefits from both a collateral source (the group health insurer) and the tortfeasor. See also Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986). They argue that because the Schofields recovered a sum that does not include any reimbursement for their medical expenses, there was no obligation to repay the loan. The appel-lees answer that the plain language of the agreement governs, and, as a result, the Schofields were required to repay the loan out of “any net recovery”, without the requirement that the proceeds constitute medical or any other type of benefit.
On a motion for summary judgment, the existence or nonexistence of a material fact-issue is the crucial question. Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981). We conclude that there remains a disputed factual issue which precludes the allowance of summary judgment, because the intent of the parties in entering into the loan receipt agreement is neither clear from the face of the instrument executed, nor from the admissions entered in the record. The ambiguity of the term “net recovery” can only be resolved by a determination of the relationship between the parties and their intentions in entering into the loan agreement. If the meaning of the terms of the agreement is disputed by the parties, and the record contains insufficient evidence to resolve this disputed fact, summary judgment is improper. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Raul Distributors, Inc. v. Fast Air Carrier, Ltd., 450 So.2d 598 (Fla. 3d DCA 1984); Levey v. Getelman; Graham v. First Marion Bank, 237 So.2d 793 (Fla. 1st DCA 1970). In light of the unresolved issues of material fact in this cause, we reverse and remand to the trial court for further proceedings.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., concurs.
BOOTH, J., dissents.

. The attorneys were also sued for damages for breaching the contract, because it was alleged that under the terms of the agreement, the attorneys, having agreed to act as agents for both the. Schofields and Watkins, also agreed to prosecute the claim against the third-party tortfeasor and hold any net recovery from the amount received as to the claim in trust pending instructions from Watkins, and that the attorneys instead distributed the settlement proceeds without remitting any part thereof, as required by the agreement.

. The Schofields did not appeal the entry of summary judgment, thus, the attorneys for the Schofields are the only remaining parties who claim to be adversely affected thereby.