PATTERSON, Judge.
This is an appeal by Terry Allen Smith of his conviction for manslaughter. Appellant was found guilty, by a Houston County jury, of recklessly operating a vehicle and thereby causing the death of the passenger in the car, Ricky Armstrong. He was sentenced to eight years in the penitentiary.
It appears from the record that appellant and Ricky Armstrong were together on the night of May 23, 1986. The two were intoxicated and left a friend’s house to go to Cottonwood to get some cigarettes. On the return trip, their automobile left the highway and crashed, killing Armstrong and inflicting cuts, bruises, and a concussion upon appellant. The jury’s verdict of guilt indicates the jury’s finding that appellant was the driver of the car.
During the trial of this case, Officer Tew of the Alabama State Troopers testified that he overheard appellant talking to the paramedics and telling them, “I [appellant] was driving.” Officer Dukes, also of the Alabama State Troopers, testified that he went to the hospital following the accident and informed appellant of his Miranda rights and then asked him who was driving the car. Appellant responded that “he [appellant] was driving the car.”
Appellant objected to the admission of both of these statements into evidence and requested a hearing on their admissibility. The court overruled both objections and allowed both statements to be admitted without a hearing. The court, out of the presence of the jury, stated in part that “if you can convince the court later in this trial that it was not — you know — not voluntary, or — you know — he did not know what he was doing, then the court can exclude that evidence, and without that, the State has no case.”
Appellant then attempted to place the question of voluntariness of the statements before the jury during the defense portion of the trial. Appellant called the emergency room doctor to the witness stand, and he testified that at the time he treated appellant, appellant had a laceration across the front of the head back to the ear, was suffering from a concussion, and was groggy. He further testified that during the examination, which occurred only minutes after the accident, appellant was unable to remember anything about the accident.
Appellant testified that he was not driving the automobile at the time of the wreck. He further testified that he remembered nothing that transpired from the time the car started to swerve until the following morning, except walking into the hospital.
At the close of all the evidence, appellant restated his motion to suppress the admissions based on his mental and physical conditions at the time they were made. The motion was again denied, and subsequently the jury found appellant guilty.
Appellant contends that the trial court committed reversible error in not allowing him to put on evidence in support of his motions to suppress. The record of this case indicates that appellant did have the opportunity to introduce evidence in support of his motions to suppress; however, this opportunity arose during the defense portion of the trial and not during a hearing outside the presence of the jury. Therefore, the question is not whether appellant was erroneously prevented from introducing such evidence but, rather, whether the trial court erred in not holding a hearing outside the presence of the jury to *451 determine the initial admissibility of the statements.
In Jackson v. Denno, 378 U.S. 368, 380, 84 S.Ct. 1774, 1783, 12 L.Ed.2d 908 (1964), the Court held, “A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.” The holding in Jackson was applied by the Alabama Supreme Court in Duncan v. State, 278 Ala. 145, 165, 176 So.2d 840, 859 (1965), where it stated the following:
“We are clear to the conclusion that whenever a motion is made for the question of the voluntariness of the confession to be determined outside the presence of the jury, the motion should be granted. In such a hearing, the trial judge sitting alone should make a determination upon a proper record of the issue of voluntariness. At such a hearing the defendant may take the stand and testify- for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, the defendant will not waive his right to decline to take the stand in his own defense on the trial in chief nor will he waive any of the other rights stemming from his choice not to testify. If the confession is held voluntary and admitted, the jury’s consideration of that confession and surrounding circumstances shall proceed in accordance with the ‘Orthodox’ procedure, that is, the jury considers the voluntariness as affecting the weight or credibility of the confession.”
Such a holding clearly protects a defendant’s constitutional guarantees against self-incrimination. If it were otherwise, a defendant would be forced to take the stand, during the trial on the merits, to attack the admissibility of an extrajudicial statement, thereby opening himself up to cross-examination of the issues other than the admissibility of his statement. Cf. Ex parte Hand, 472 So.2d 675, 677 (Ala.1985) (wherein the court, in reviewing the trial court’s refusal to allow a witness to testify to certain facts that only she and the defendant knew, stated, “We cannot allow the trial court to give Hand no choice but to take the stand and testify to facts that could have, and should have, been given by an independent witness.”)
In the instant case, appellant requested a hearing on the admissibility of his extrajudicial statements on several occasions. After denial of one such request, the trial court instructed appellant, “You can go into that — you know — in defense, but I think it’s admissible.” This denial effectively forced appellant to testify during the trial as his only available means of attacking the admissibility of his statements. “[A] defendant has a constitutional right to a fair hearing and an independent and reliable determination of the voluntariness of a confession before the confession is allowed to be heard by the guilt determining jury.” United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir.1985). Accordingly, we are compelled to find that the trial court erred in not holding a hearing outside the presence of the jury to determine the admissibility of appellant’s extrajudicial statements. We further find that a post-trial hearing to determine the admissibility of the statements would not be an adequate course of action to cure the harm suffered by appellant.
Therefore, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.