STONE, Judge.
We reverse, in part, a final summary judgment entered in favor of the defendant bank on that portion of Appellant’s claim founded on a theory of wrongful dishonor under section 674.402(2), Florida Statutes. Graham v. First Marion Bank, 237 So.2d 793 (Fla. 1st DCA 1970).
*583 Considering the evidence most favorably to Appellant, there are genuine issues of material fact on her claim that the bank was unjustified in freezing her separate account and imposing a setoff of $100,000 the amount which the bank paid Appellant’s estranged husband from their joint account, notwithstanding that a bank officer had assured Appellant earlier that she need not draw a cashier’s check on those funds because the bank would instead set up a new individual account for Appellant and transfer her funds to it from the joint account in order to protect her from the very eventuality that occurred.
The bank officer was aware that Appellant had a court order supporting such a transfer and enjoining any transfer of the couple’s funds by Appellant’s husband, although the bank was not a party to the order.[1] The funds had been duly transferred to Appellant’s account as promised by the bank officer prior to the husband’s withdrawal. However, the bank conducted the transfer “off-line” because at the time of documentation the new account did not yet appear on the bank’s computer.
The bank claimed its right to set off the resulting overdraft of the joint account against Appellant’s new individual account pursuant to the terms of the depositor’s agreement Appellant had signed as to both accounts. Under its terms, an overdraft on one account may be treated as a loan secured by an'immediate lien against that depositor’s other accounts. However, doing so in this case, it is claimed, defeats the very purpose of Appellant’s transferring the funds to a new account rather than simply making a withdrawal prior to the husband’s as she originally intended.
Therefore, there remain issues of good faith, a justified right of setoff, and want of due care on the wrongful dishonor claim.
We affirm that part of the summary judgment which dismisses Appellant’s causes of action for conversion and civil theft and her punitive damage claims.
We also reverse the consolidated awards of attorney’s fees and costs, now mooted, and remand for further proceedings.
ANSTEAD and GLICKSTEIN, JJ., concur.

. Section 658.61, Florida Statutes (1991) (now section 655.83, Florida Statutes (1993)), providing an institution is not obligated to recognize notice of an adverse claim unless specific conditions are met, does not bar a claimant’s reliance on notice that fails to meet those conditions if the institution has voluntarily agreed to recognize the notice. See Griffin v. Gulf Life Ins. Co., 146 So.2d 901 (Fla. 1st DCA 1962).