731 So.2d 798 (1999)
WORLD CLASS YACHTS, INC., Appellant,
v.
Wendell H. MURPHY, Jr., Merle Wood and Associates, Inc., a Florida corporation, Merle Wood, Steve Kidd, and Patrick J. Aurit, Appellees.
No. 98-0273.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
Robert P. Bissonnette of Law Offices of Anthony M. Livoti, Jr., P.A., Fort Lauderdale, for Appellant.
Beth Tyler Vogelsang of A.J. Barranco & Associates, P.A., Miami, for Appellee Wendell H. Murphy, Jr.
BROWN, LUCY CHERNOW, Associate Judge.
Appellant, World Class Yachts, Inc., appeals the dismissal with prejudice of its *799 complaint against a North Carolina resident for lack of personal jurisdiction. We reverse and remand for the trial court to enter a dismissal without prejudice.
World Class filed a complaint in the circuit court of Broward County, Florida, to recover a commission it claimed was due based on the sale of a yacht. The complaint alleged that Appellee, Murphy, traveled from his home in North Carolina to Florida on numerous occasions for the purpose of locating and inspecting yachts for sale. World Class showed Murphy the "7th Heaven," informing the seller's broker that Murphy was interested in the yacht and that Murphy was World Class' client.
Murphy later purchased the "7th Heaven" and the entire 10% commission was paid to the seller's broker. World Class claimed it was owed 1% of the commission and filed its complaint, which was amended once, solely to include the proper parties. The only count of the complaint that named Murphy was a count for civil conspiracy.
World Class served process on Murphy at his home in North Carolina. Murphy filed a motion to dismiss the amended complaint based on lack of personal jurisdiction and failure to state a cause of action. World Class responded by filing an affidavit in support of jurisdiction detailing the numerous trips Murphy made to inspect yachts for the purpose of purchasing a yacht in Florida.
Murphy also filed an affidavit which asserted he was a resident of North Carolina who at all times relevant did not live, work, or conduct business in Florida. He affirmatively stated, "My only contact with the State of Florida has been for vacation and recreational purposes."
Without holding an evidentiary hearing, the trial court entered a dismissal with prejudice based on lack of personal jurisdiction.
World Class argues that personal jurisdiction was based on sufficient minimum contacts with Florida because Murphy traveled to Florida on at least three separate occasions over a nine month period and met with World Class for the purpose of purchasing a yacht. Murphy asserts that the issue is not whether minimum contacts were established, but whether World Class failed to plead a cause of action. It contends the trial court properly dismissed the complaint due to World Class' failure to allege sufficient jurisdictional facts.
It is well-settled that in order to determine whether long-arm jurisdiction is appropriate, the trial court must first decide whether the complaint alleges sufficient jurisdictional facts to bring the action within section 48.193, Florida Statutes. (1997). Second, the court must determine whether the non-resident has sufficient minimum contacts with Florida such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice so that the defendant should reasonably anticipate being haled into court in Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
In this case, the threshold of personal jurisdiction turns on whether Murphy committed an intentional tort in Florida. Therefore, the trial court was required to review the complaint to determine whether a cause of action was stated. If the complaint did not set forth a cause of action for civil conspiracy, then assertion of jurisdiction predicated on Murphy's commission of such would be improper. See Silver v. Levinson, 648 So.2d 240, 241 (Fla. 4th DCA 1994).
Murphy argues that the trial court correctly dismissed World Class' complaint because World Class did not set forth clear, positive, and specific allegations of civil conspiracy. General allegations of conspiracy are inadequate. See Bond v. Koscot Interplanetary, Inc., 246 So.2d 631, 635 (Fla. 4th DCA 1971). Assuming that the trial judge found the jurisdictional facts deficient in this regard, it was not error to dismiss the complaint. If the dismissal was based on the first prong of *800 the Venetian Salami test, the trial court was not required to analyze the second prong.
Nevertheless, we find it was error for the trial court to dismiss with prejudice. See Smith v. St. Vil, 714 So.2d 603, 605 (Fla. 4th DCA 1998). A trial court should not deny a party leave to amend a complaint unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. See Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996). Accordingly, we reverse and remand with directions to the trial court to enter a dismissal without prejudice to allow World Class to amend its complaint.
If World Class ultimately succeeds in alleging sufficient jurisdictional facts to satisfy the first prong of the Venetian Salami test, the court should then reach the second prong and determine whether Murphy had sufficient minimum contacts with Florida. Where a defendant raises a lack of minimum contacts, supported by affidavit, the burden shifts to the plaintiff to prove, by affidavit, the basis on which jurisdiction may be obtained. If the essential facts stated in the parties' affidavits are not conflicting, the trial court can resolve the legal issue on the basis of the affidavits. If, however, the essential facts are shown to be in direct conflict, the trial court must conduct a limited evidentiary hearing to resolve all disputed facts essential to a determination of the jurisdictional issue. See Venetian Salami, 554 So.2d at 502. Should the trial court face this issue, we recommend it consider the factually similar cases of Offer v. Arison, 671 So.2d 193 (Fla. 4th DCA 1996), and Offer v. Lady Alice Corp., 671 So.2d 191 (Fla. 4th DCA 1996).
REVERSED AND REMANDED.
STEVENSON and TAYLOR, JJ., concur.