983 So.2d 709 (2008)
Denise CROWNOVER, Appellant,
v.
MASDA CORPORATION, Appellee.
No. 2D07-3431.
District Court of Appeal of Florida, Second District.
June 6, 2008.
*710 Kenneth A. Wiggins of Law Offices of Kenneth A. Wiggins, Bradenton, for Appellant.
Sheree Outten of Jacobson, Sobo & Moselle, Plantation, for Appellee.
WALLACE, Judge.
Denise Crownover appeals the final judgment entered against her after the circuit court granted Masda Corporation's motion for summary judgment. Because Masda failed to overcome Ms. Crownover's timely objection to the circuit court's exercise of personal jurisdiction over her, we reverse.

*711 I. THE PROCEEDINGS IN THE CIRCUIT COURT
Masda filed a complaint against Ms. Crownover in the Manatee County Circuit Court alleging that she had defaulted on a guaranty agreement to pay to Masda any and all obligations of Crown Heating & Cooling, Inc. (CHC), together with "all costs of collection including reasonable attorney's fees." In its complaint, Masda alleged that CHC owed Masda the sum of $15,999.92, which Ms. Crownover had failed to pay after Masda had made demand for payment. A copy of the credit application and guaranty agreement attached to Masda's complaint indicated that Masda had an address in New Jersey and that CHC was incorporated under the laws of New Jersey and also had an address in New Jersey. The address given for Ms. Crownover on the credit application was a New Jersey address. Copies of the pertinent invoices attached to the complaint reflected that the goods allegedly sold to CHC were delivered to CHC at a New Jersey address. The invoices directed CHC to remit payment to Masda at a post office box in New Jersey. An alias summons with a copy of the complaint was served on Ms. Crownover's husband by a New Jersey deputy sheriff at an address in New Jersey.
Thus Masda's complaint and its attachments did not demonstrate that CHC, Ms. Crownover, or the subject of the parties' dispute had any connection to Florida. Despite the apparent absence of any such connection, the complaint failed to allege any basis for the exercise of jurisdiction by the circuit court over Ms. Crownover under section 48.193, Florida Statutes (2005), commonly referred to as the "long-arm statute." Moreover, Masda did not allege that Ms. Crownover was a Florida resident. On appeal, Masda does not claim that it presented any proof in the circuit court that Ms. Crownover was a resident of Florida when service of process was made on her. Conceding that service of process was made in New Jersey, Masda offers instead that "there is no evidence that [Ms.] Crownover is not a Florida resident."
Ms. Crownover filed a pro se answer denying that she owed Masda the amount alleged in the complaint. She also alleged that (1) both Masda and CHC were New Jersey corporations and (2) she was a New Jersey resident and a corporate officer of CHC. In pertinent part, Ms. Crownover asserted that "this court does not have jurisdiction[ ] on this case." Her answer concluded with a request for the dismissal of the action. Although Ms. Crownover's answer might have been more artfully worded, it was sufficient to raise the defense of lack of jurisdiction over the person.
After receipt of a copy of Ms. Crownover's answer, Masda did not move to amend its complaint or make any other filing to address the jurisdictional issue. Instead, Masda filed a motion for summary judgment alleging that no material issues of law or fact remained to be decided. Masda's motion for summary judgment also asserted that Ms. Crownover's answer "preclude[d] th[e] court from considering any matter beyond whether the allegations contained in [the c]omplaint are true" because the answer was a general denial that did not affirmatively allege any defense. Thus Masda's motion for summary judgment ignored Ms. Crownover's defense of lack of jurisdiction over her person.
Without explanation, the circuit court entered an order granting Masda's motion for summary judgment. Approximately one month later, the circuit court entered *712 a final judgment against Ms. Crownover.[1] The circuit court forwarded copies of both the order granting Masda's motion for summary judgment and the final judgment to Ms. Crownover at the address in New Jersey where her husband had been served with the alias summons and complaint.
After the entry of the final judgment against her, Ms. Crownover filed a timely motion for rehearing. The motion for rehearing repeated the allegations of Ms. Crownover's answer that Masda and CHC were New Jersey corporations and that Ms. Crownover was and had always been a New Jersey resident. The motion for rehearing asserted that all of the transactions between the parties had occurred in New Jersey and that all of the goods for which Masda sought payment had been delivered to a New Jersey location. Notably, Ms. Crownover also pointed out in her motion for rehearing that the circuit court had never addressed the defense of lack of personal jurisdiction that she had raised in her answer. The circuit court denied the motion for rehearing without explanation. For the third time, the circuit court used Ms. Crownover's address in New Jersey to notify her of its ruling. This appeal followed.

II. DISCUSSION
A. The Parties' Arguments
Ms. Crownover raises four issues on appeal, but only one merits discussion. Ms. Crownover argues that the entry of the final judgment was in error because Masda failed to allege any factual basis to establish personal jurisdiction over her. In response, Masda contends that Ms. Crownover did not contest the allegations of the complaint because she failed to submit any affidavit or evidence supporting her claim that the circuit court lacked jurisdiction over her person.
B. Personal Jurisdiction Was Contested
Masda's argument that Ms. Crownover did not adequately contest the allegations of the complaint is unpersuasive. The plaintiff bears the initial burden of alleging sufficient facts in his or her complaint to establish the basis for a court's long-arm jurisdiction. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Snyder v. McLeod, 971 So.2d 166, 168 (Fla. 5th DCA 2007). The plaintiff must allege sufficient jurisdictional facts to subject the defendant to long-arm jurisdiction under section 48.193. See Hilltopper Holding Corp. v. Estate of Cutchin, 955 So.2d 598, 601 (Fla. 2d DCA 2007) (citing Venetian Salami, 554 So.2d at 502). If the plaintiff meets this hurdle, "the second inquiry is whether the defendant possesses sufficient minimum contacts with Florida to satisfy constitutional due process requirements." Id. (citing Venetian Salami, 554 So.2d at 500). If the plaintiff fails to sufficiently plead personal jurisdiction over a nonresident defendant, the defendant may raise the jurisdictional issue by motion.[2]Venetian Salami Co., 554 So.2d at 502; Tucker v. Dianne Elec., *713 Inc., 389 So.2d 683, 685 (Fla. 5th DCA 1980). However, if the allegations of the complaint are sufficient to establish Florida's long-arm jurisdiction, then the burden shifts to the defendant to contest jurisdiction by filing a motion to dismiss supported by a legally sufficient affidavit or other sworn proof contesting the complaint's jurisdictional facts. Venetian Salami Co., 554 So.2d at 502; Hilltopper Holding, 955 So.2d at 601; Tucker, 389 So.2d at 685.
Here, Masda's complaint did not contain any allegations to demonstrate a basis for the circuit court's exercise of personal jurisdiction over Ms. Crownover. Because Masda did not first plead a legally sufficient basis for long-arm jurisdiction, Ms. Crownover was not required to file affidavits or present other evidence to contest the jurisdictional issue. See Fishman, Inc. v. Fishman, 657 So.2d 44, 45 (Fla. 4th DCA 1995) (citing Wynn v. Aetna Life Ins. Co., 400 So.2d 144 (Fla. 1st DCA 1981)); Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n of Fort Lauderdale, 325 So.2d 58, 61-62 (Fla. 4th DCA 1976). Ms. Crownover adequately raised the issue of the legal sufficiency of the allegations of the complaint by outlining the basis for her objection and requesting a dismissal in her answer. See Venetian Salami Co., 554 So.2d at 502; Kimbrough v. Rowe, 479 So.2d 867, 869 (Fla. 5th DCA 1985).
C. Summary Judgment Was Improper
The circuit court should have considered Ms. Crownover's objection to jurisdiction when it heard Masda's motion for summary judgment. Upon reviewing Ms. Crownover's answer, the circuit court should have realized that the issue of personal jurisdiction was contested. The answer adequately raised Ms. Crownover's claim that Masda's complaint was legally insufficient to establish a basis for the exercise of long-arm jurisdiction. Masda's motion for summary judgment did not even mention this critical issue. It follows that Masda did not meet its burden of demonstrating that it was entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); Graham v. First Marion Bank, 237 So.2d 793, 793-94 (Fla. 1st DCA 1970).

III. CONCLUSION
Because Masda completely failed to establish a basis for the exercise of personal jurisdiction over Ms. Crownover, the circuit court erred in granting Masda's motion for summary judgment and in entering the final judgment. Accordingly, we reverse the final judgment. On remand, the circuit court shall vacate the order granting Masda's motion for summary judgment and may conduct further proceedings consistent with this opinion.
Reversed and remanded with instructions.
FULMER and KELLY, JJ., Concur.
NOTES
[1] As a result of an apparent scrivener's error, the final judgment names an unrelated party as the judgment creditor. Masda acknowledges this error.
[2] The defense of lack of jurisdiction over the person may be raised either by motion or in a responsive pleading. See Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794, 795-96 (Fla. 4th DCA 1987). However, "[t]he first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived." Id. at 795. See generally Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 10.8 (2007-2008 ed.) (discussing Florida Rule of Civil Procedure 1.140 and the waiver and consolidation of defenses). Here, Ms. Crownover raised in her initial filing the issue of lack of jurisdiction over the person.